IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | **CRIMINAL NO. 1:15-CR-130** |
| : | |
| **v.** : | **(Judge Conner)** |
| : | |
| **SILAS LEE SNEED,** : | |
| : | |
| **Defendant** : | |

### MEMORANDUM

Defendant Silas Lee Sneed pled guilty to three counts of Hobbs Act robbery and attempted Hobbs Act robbery in violation of 18 U.S.C. § 1951 and one count of carrying and using a firearm during and in relation to Hobbs Act robbery in violation of 18 U.S.C. § 924(c)(1)(A). Sneed moves pursuant to 28 U.S.C. § 2255 to vacate his Section 924(c) conviction based on the United States Supreme Court's decision in United States v. Davis, 588 U.S. ___, 139 S. Ct. 2319 (2019). He contends that, following Davis, neither Hobbs Act robbery nor attempted Hobbs Act robbery is a crime of violence for purposes of Section 924(c). We will deny Sneed's motion.

I.  **Factual Background & Procedural History**

A federal grand jury returned a four-count indictment against Sneed on July 8, 2015. The indictment charged Sneed in Counts 1, 2, and 3 with committing and attempting to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951, and in Count 4 with carrying and using a firearm during and in relation to Hobbs Act robbery in violation of 18 U.S.C. § 924(c)(1)(A). The charges arose from a string

of armed robberies and attempted armed robberies of a restaurant, corner store, and barber shop in Harrisburg, Pennsylvania, on May 7, 2015. (See generally Doc. 1). Sneed wielded a Smith & Wesson .40 caliber handgun during each robbery and attempted robbery. (See Doc. 71 ¶¶ 3-5).

Sneed pled guilty to all four counts on September 11, 2017, pursuant to a written plea agreement. The court sentenced Sneed on January 10, 2018, to an aggregate term of 132 months' imprisonment, consisting of terms of 48 months on Counts 1, 2, and 3, to be served concurrently, and a mandatory minimum term of 84 months on Count 4, required by statute to be served consecutively to all other counts. (See Doc. 78 at 2); see also 18 U.S.C. § 924(c)(1)(A). Sneed did not appeal.

On July 11, 2019, Sneed filed a letter asking the court to appoint counsel to investigate his eligibility for relief under 28 U.S.C. § 2255 following the United States Supreme Court's decision in United States v. Davis, 588 U.S. ___, 139 S. Ct. 2319 (2019). We promptly issued this judicial district's standing order appointing counsel to file any Section 2255 motion that may be warranted based on Davis. Sneed nonetheless filed his own *pro se* motion, and appointed counsel later filed a supplemental motion. Sneed's Section 2255 motions are fully briefed and ripe for disposition. (See Docs. 92, 94, 102, 103).

## II. Legal Standard

Under Section 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct the prisoner's sentence. 28 U.S.C. § 2255. Courts may afford relief under Section 2255 on a number of grounds including, *inter alia*, "that the sentence was imposed in violation of the Constitution or the laws of the United States." Id. § 2255(a); see also 28 U.S.C. § 2255 Rule 1(a). The statute provides that, as a remedy for an unlawfully imposed sentence, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). The court accepts the truth of the defendant's allegations when reviewing a Section 2255 motion unless those allegations are "clearly frivolous based on the existing record." United States v. Booth, 432 F.3d 542, 545 (3d Cir. 2005).

## III. Discussion

Sneed seeks to vacate his Section 924(c) conviction and consecutive, mandatory minimum sentence based on the Supreme Court's decision in United States v. Davis, 588 U.S. ___, 139 S. Ct. 2319 (2019). We conclude that Davis has no impact on Sneed's Section 924(c) conviction and sentence.[1]

---

[1] We assume without deciding that Sneed's motion is timely, see 28 U.S.C. § 2255(f)(3), and is not procedurally defaulted, see United States v. Mitchell, 218 F. Supp. 3d 360, 366-68 (M.D. Pa. 2016) (Conner, C.J.) (citing United States v. Bousley, 523 U.S. 614, 622 (1998); United States v. Doe, 810 F.3d 132, 153 (3d Cir. 2015)).

Section 924(c) establishes enhanced punishments for any person who uses or carries a firearm "during and in relation to," or who possesses a firearm "in furtherance of," a "crime of violence." 18 U.S.C. § 924(c)(1)(A). The length of the mandatory minimum term of imprisonment—which must be served consecutively to the sentence for the underlying crime of violence—depends on whether the defendant uses, carries, or possesses the firearm (five years); brandishes the firearm (seven years); or discharges the firearm (ten years). See id. § 924(c)(1)(A)(i)-(iii). A felony offense is a "crime of violence" if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," id. § 924(c)(3)(A), or "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," id. § 924(c)(3)(B). Courts refer to Section 924(c)(3)(A) as the "elements clause" or "force clause" and to Section 924(c)(3)(B) as the "residual clause." See United States v. Robinson, 844 F.3d 137, 140-41 (3d Cir. 2016), cert. denied, 138 S. Ct. 215 (2017), abrogated on other grounds by Davis, 139 S. Ct. at 2327-33. In Davis, the Supreme Court invalidated the residual clause, holding it was unconstitutionally vague. See Davis, 139 S. Ct. at 2336.

Sneed argues that, with the residual clause invalidated, his Section 924(c) conviction cannot stand, because Hobbs Act robbery and attempted Hobbs Act robbery are not crimes of violence under the surviving elements clause. The Third Circuit Court of Appeals rejected both arguments less than three weeks ago, in its precedential decision in United States v. Walker, No. 15-4062, 2021 WL 833994, ___ F. 3d ___ (3d Cir. Mar. 5, 2021). The court in Walker first concluded, consistent with

4

every court of appeals to decide the question, that a completed Hobbs Act robbery "necessarily has as an element the use, attempted use, or threatened use of physical force against the person or property or another and is therefore categorically a crime of violence" under the elements clause. See Walker, 2021 WL 833944, at *6 & n.11 (collecting cases). The court further concluded that attempted Hobbs Act robbery necessarily involves "attempted use" of force and thus likewise qualifies as a crime of violence. See id. at *10. The court considered—and rejected—the same theories raised by Sneed. Compare (Docs. 94, 103), with Appellant's Letter Brief, Walker, No. 15-4062 (Sept. 20, 2019), and Appellant's Letter Brief, Walker, No. 15-4062 (Dec. 18, 2020).

    The Walker decision defeats Sneed's Section 2255 claim. Sneed's convictions—whether for completed or attempted Hobbs Act robbery[2]—qualify

---

[2] In the background section of Sneed's motion, counsel states the indictment charged that Sneed "did obstruct, delay and affect and attempt to obstruct, delay and affect commerce by robbery and attempted *and conspired* to do so." (See Doc. 94 at 1 (emphasis added)). Whether conspiracy to commit Hobbs Act robbery qualifies as a crime of violence is an open question in the Third Circuit. The court in Walker did not need to consider the issue. See Walker, 2021 WL 833994, at *4 n.10. However, it noted both the government's concession and the holdings of several other courts of appeals that conspiracy is not a crime of violence under the elements clause. See id. (citing, *inter alia*, United States v. Barrett, 937 F.3d 126, 130 (2d Cir. 2019); United States v. Simms, 914 F.3d 229, 233-34 (4th Cir. 2019); United States v. Lewis, 907 F.3d 891, 895 (5th Cir. 2018)). In light of Sneed's statement, we have carefully reviewed the indictment, plea agreement, and judgment in this case. It is clear from those documents that Sneed was charged with and convicted of completed and attempted Hobbs Act robbery; not conspiring to commit Hobbs Act robbery. Given the lack of substantive argument regarding conspiracy in Sneed's briefing, we presume the reference to a conspiracy offense was in error.

categorically as crimes of violence under the elements clause. Accordingly, <u>Davis</u> has no effect on Sneed's Section 924(c) conviction and sentence.

### IV. **Conclusion**

For the reasons set forth herein, we will deny Sneed's motion to vacate and correct sentence pursuant to 28 U.S.C. § 2255. We will also deny a certificate of appealability, because Sneed has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:   March 25, 2021